# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 15, 2013

No. 12-50253
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASMINE BARRETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-1898-3

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Jasmine Barrett was convicted of conspiring to commit theft of government property, theft of government property, and transporting stolen property in interstate or foreign commerce. She received a below-guidelines sentence of 12 months in prison and a two-year term of supervised release. This court is now presented with her appeal of her convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50253

First, Barrett argues that the evidence does not suffice to uphold her convictions. Because Barrett moved for a judgment of acquittal at the close of the government's case and again at the close of all the evidence, the de novo standard of review applies to this claim. *See United States v. Ollison*, 555 F.3d 152, 158 (5th Cir. 2009).

The evidence is sufficient to uphold Barrett's convictions. Testimony showed that Barrett received uninventoried items in Iraq, and she came up with the idea to bring them back to the United States and sell them. She and her coconspirator discussed this plan a couple of times while in Iraq and again when they returned to this country. Barrett was informed when her coconspirator moved the items to his garage and when they were mailed to Connecticut. While unloading a conex in this country, they came upon air tanks and spoke of stealing them and having someone else sell them. Barrett helped to load two of these tanks into her coconspirator's car. Some of the stolen items sold for $40,000, and Barrett received $4,000 from this sale. This evidence suffices to uphold Barrett's conviction for theft of government property because it shows that she stole items belonging to the Army and valued at more than $1,000. *See United States v. Dien Duc Huynh*, 246 F.3d 734, 745 (5th Cir. 2001); 18 U.S.C. § 641.

This evidence also shows that the stolen items were mailed between Texas and Connecticut by the coconspirator, that Barrett knew he was doing this, and that both parties knew these items were stolen. Additionally, by leaving uncounted items in the conex, Barrett helped ensure that they traveled from Iraq to this country. This evidence suffices to sustain her 18 U.S.C. § 2314 conviction. *See United States v. Onyiego*, 286 F.3d 249, 253 (5th Cir. 2002); § 2314.

Finally, the evidence discussed above establishes that Barrett and her coconspirator knowingly agreed to work towards the illegal goal of selling property belonging to the Army and took steps towards this goal by leaving

certain items uninventoried, shipping them from Iraq to the United States, removing them from the Army's custody, and selling them to another. *See United States v. Mauskar*, 557 F.3d 219, 229 (5th Cir. 2009); 18 U.S.C. § 371. This evidence thus suffices to uphold her conspiracy conviction. Barrett should not receive relief on her sufficiency claims.

Likewise unavailing is Barrett's argument that testimony was improperly admitted under Federal Rule of Evidence 801(d)(1)(B) as a prior consistent statement. Our review of the record shows that the challenged statement was properly adduced to rebut the implication that the witness at issue was not testifying truthfully. *See* Rule 801; *United States v. Wilson*, 355 F.3d 358, 361 (5th Cir. 2003).

AFFIRMED.